UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


RAYMOND GRULLON,
            Plaintiff,


            v.                                    CASE NO. 3:10cv776(SRU)


CITY OF NEW HAVEN, ET AL.,
            Defendants


**RULING ON MOTION TO DISMISS**

Raymond Grullon filed this action *pro se* under 42 U.S.C. § 1983 against the City of New

Haven, New Haven Correctional Center ("NHCC") and the Warden of New Haven Correctional

Center ("Warden"). On August 10, 2010, the Court filed an Initial Review Order dismissing all

claims against the NHCC and the City of New Haven and declining to certify the action as a

class action. The conditions of confinement claims against the Warden in his individual and

official capacities remain. The Warden has moved to dismiss all remaining claims against him.

For the reasons that follow, the motion to dismiss is granted.

**I. Standard of Review**

When considering a motion to dismiss, the court accepts as true all factual allegations in

the complaint and draws inferences from these allegations in the light most favorable to the

plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Flores v. Southern Peru Copper

Corp.*, 343 F.3d 140, 143 (2d Cir. 2003). The court considers not whether the plaintiff ultimately

will prevail, but whether he has stated a claim upon which relief may be granted so that he

should be entitled to offer evidence to support his claim. *See York v. Association of Bar of City

of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002).

In reviewing the complaint in response to a motion to dismiss, the court applies "a

'plausibility standard,' which is guided by two working principles." *Ashcroft v. Iqbal*, ___ U.S.

___, 129 S. Ct. 1937, 1949 (2009). First, the requirement that the court accept as true the

allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Second, to

survive a motion to dismiss, the complaint must state a plausible claim for relief. Determining

whether the complaint states a plausible claim for relief is "'a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*,

129 S. Ct. at 1950). Even under this standard, however, the court liberally construes a *pro se*

complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Boykin v. KeyCorp*,

521 F.3d 202, 213-14, 216 (2d Cir. 2008).

## II.     Facts

Grullon alleges that police officers transported him from Riker's Island in Elmhurst, New

York to NHCC pursuant to a governor's warrant. Upon his arrival at NHCC, prison officials

failed to provide Grullon with toothpaste, soap or the opportunity to make a telephone call. The

police officers who transported Grullon to NHCC were responsible for the loss of his personal

property, including legal materials.

Grullon was housed in a cold cell that contained a bunk bed. There were no blankets or

sheets for the bed and no ladder to reach the top bunk or guard rails around the outside of the top

bunk. The meals, visiting area and telephones were inadequate, the ventilation was dangerous

and it was hot and noisy. Grullon did not have permission to get a job to earn money to buy

supplies and food at the prison commissary.

There was no law library and prison staff would not provide Grullon with envelopes,

paper, a pen or legal copies.  Grullon could not properly defend himself in court because prison officials denied him access to persons trained in the law.

III.    **Discussion**

Grullon seeks injunctive relief as well as compensatory and punitive damages.  The Warden moves to dismiss the complaint for lack of subject matter jurisdiction and failure to state a cognizable claim.

A.    **Official Capacity Claims for Monetary Damages**

The Warden argues that the court lacks subject matter jurisdiction over any claims against him for damages in his official capacity because such claims are barred by the Eleventh Amendment.

The Eleventh Amendment bars suits in federal court against a State or state agency absent the State's unequivocal consent to suit.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  A suit against a state official in her official capacity is considered a suit against the State for Eleventh Amendment purposes.  *Hafer v. Malo*, 502 U.S. 21, 25 (1991).  Thus, all claims for damages against the defendant in his official capacity are barred by the Eleventh Amendment.  The motion to dismiss is granted with respect to the official capacity damages claims.

B.    **Claims for Equitable Relief**

Grullon seeks an order that prison officials at New Haven Correctional provide him with adequate legal supplies, housing and bedding and an order appointing a special master to investigate the conditions at New Haven Correctional.  The Warden argues that the claims for equitable relief are moot because plaintiff no longer is confined at NHCC.  Grullon does not address that argument.

The Eleventh Amendment does not preclude claims for injunctive relief. *See Edelman v. Jordan*, 415 U.S. 651, 667-68 (1974) (Eleventh Amendment does not bar claim for prospective injunctive relief). The Second Circuit has held, however, that an inmate's request for declaratory and injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. *See Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976). *See also Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

Grullon is no longer a pretrial detainee and is now incarcerated at Cheshire Correctional Institution.[1] Thus, the court concludes that his claims regarding conditions of confinement at NHCC are moot. The motion to dismiss is granted with respect to the request for equitable relief.

## C.    Personal Involvement

The Warden contends that damages against him in his individual capacity are not warranted because Grullon has not alleged that he was personally involved in the claimed constitutional violations. Grullon argues that he did notify the Warden of the unconstitutional conditions of confinement.

To recover money damages under section 1983, Grullon must show that the Warden was

---

[1] The court takes judicial notice of the records of the Connecticut Department of Correction on their website. *See Browdy v. Karpe*, No. 3:00cv1866 (CFD), 2004 WL 2203464, at *2 n.3 (D. Conn. Sept. 20, 2004) (taking judicial notice of correctional records of admission and discharge); *Ligon v. Doherty*, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of records posted on New York State Department of Correctional Services website). The records show that Grullon was most recently admitted to the custody of the Connecticut Department of Correction on January 19, 2010, and, on October 27, 2010, was sentenced to a maximum sentence of four years for larceny in the first degree. *See* www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=289320 (Last visited July 6, 2011).

personally involved in the constitutional violations. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d

Cir. 1995). The Warden is a supervisory official. He cannot be held liable under section 1983

solely for the acts of his subordinates. *See Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).

Grullon may show supervisory liability by demonstrating one or more of the following:

(1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to

remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant

created or approved a policy or custom that sanctioned objectionable conduct which rose to the

level of a constitutional violation or allowed such a policy or custom to continue; (4) the

defendant was grossly negligent in his supervision of the correctional officers who committed

the constitutional violation; and (5) the defendant failed to act in response to information that

unconstitutional acts were occurring. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir.

2003). In addition, plaintiff must demonstrate an affirmative causal link between the inaction of

the supervisory official and his injury. *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).

In *Iqbal*, the Supreme Court found that a supervisor can be held liable only "through the

official's own individual actions." 129 S. Ct. at 1948. That decision arguably casts doubt on the

continued viability of some of the categories for supervisory liability. The Second Circuit,

however, has not revisited the standards for supervisory liability following *Iqbal*. *See DeJesus v.

Albright*, No. 08 Civ. 5804 (DLC), 2011 WL 814838, at *6 n. 4 (S.D.N.Y. Mar. 9, 2011). Even

under the broad interpretation of supervisory liability, however, the plaintiff has not alleged facts

sufficient to state cognizable claims against the Warden.

Grullon does not mention the Warden of NHCC other than in the caption of the

complaint and description of defendants. Grullon does not allege that the Warden was directly

involved in or knew about the alleged unconstitutional conditions of confinement at NHCC. Nor

does Grullon claim that he made the Warden aware of the objectionable conditions. Grullon

asserts no facts to suggest that the Warden created a policy or custom with regard to the

conditions or that he was negligent in supervising his subordinates at NHCC.

In response to the motion to dismiss, Grullon submits a copy of a letter that he claims to

have sent to the Warden on April 18, 2010 regarding certain conditions of confinement at

NHCC. In reviewing a motion to dismiss, however, the Court may consider "only the facts

alleged in the pleadings, documents attached as exhibits or incorporated by reference in the

pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local

504*, 992 F.2d 12, 15 (2d Cir. 1993). This letter was not attached to the complaint or referenced

in the complaint and does not constitute a matter of which the court may take judicial notice.

Even if the court were to take judicial notice of the letter, Grullon does not allege that the

Warden actually received the letter or whether he took any action in response to the letter. The

fact that a prisoner sent a letter to a supervisory official does not establish the requisite personal

involvement of the supervisory official. *See Rivera v. Fischer*, 655 F. Supp. 2d 235, (W.D.N.Y.

2009) ("Numerous courts have held that merely writing a letter of complaint does not provide

personal involvement necessary to maintain a § 1983 claim.") (quoting *Candelaria v. Higley*,

No. 04-CV-277, 2008 WL 478408, at *2 (W.D.N.Y. Feb. 19, 2008) (citing cases)).

Furthermore, a supervisory official's mere receipt of a letter complaining about

unconstitutional conduct is not enough to give rise to personal involvement on the part of the

official. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (prison official who received letter

from inmate and forwarded it to subordinate for investigation and response was not personally

involved in depriving inmate of constitutional right); *Liner v. Goord*, 310 F. Supp. 2d 550, 555

(W.D.N.Y. 2004) (fact that an official ignored a letter alleging unconstitutional conduct is not

enough to establish personal involvement); *Marrero v. Kirkpatrick,*

659 F. Supp. 2d 422, 427 (W.D.N.Y. 2009) (inmate's allegations that he wrote letters to prison

officials complaining about various conditions of confinement and that they failed to respond to

his satisfaction were "insufficient to demonstrate defendants' personal involvement").

Accordingly, the motion to dismiss is granted on the ground that Grullon did not allege the

personal involvement of the Warden in the claimed unconstitutional conditions of confinement at

NHCC.[2]

## IV.     Conclusion

Defendant Warden's Motion to Dismiss [**Doc. #11**] is **GRANTED**.  The Clerk is directed

to enter judgment for the defendants and close this case.

**SO ORDERED** this 8th day of July 2011, at Bridgeport, Connecticut.

 /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[2]  It is apparent that any attempt to amend the complaint to add Grullon's claim that he sent a letter to the Warden on April 18, 2010 would be futile because Grullon did not allow the Warden sufficient time to respond to the letter before filing this case.  State of Connecticut Administrative Directive 9.6(6)(A) requires an inmate to attempt to informally resolve his complaints about conditions prior to filing a formal grievance.  A prison official is to respond to an informal written attempt at resolution within fifteen calendar days of receipt of the written request.  If the letter to the Warden is construed as Grullon's attempt to informally resolve his complaints about various conditions at New Haven Correctional and it is assumed that the Warden received it at the earliest on April 18, 2010, the day it was written, the Warden was required to respond on or before May 3, 2010.  The complaint is dated May 1, 2010. Furthermore, Grullon does not allege that he took any other steps to exhaust his administrative remedies prior to filing this lawsuit.  *See Woodford v. Ngo*, 548 U.S. 81, 90-94 (2006) (prisoners required to properly exhaust their administrative remedies before commencing an action in federal court); *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) (completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement).