UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAYMOND GRULLON,
    Plaintiff,

v.   CASE NO. 3:10cv776(SRU)

CITY OF NEW HAVEN, ET AL.,
    Defendants

**ORDER**

On July 8, 2011, the Court granted the defendants' motion to dismiss as to the claims in the Complaint against all defendants. (*See* Ruling Mot. Dismiss, Doc. No. 25.) The plaintiff appealed the dismissal of the claims against defendant Warden of New Haven Correctional Center in his individual and official capacities. The Court of Appeals for the Second Circuit dismissed the appeal regarding the claims against the Warden in his official capacity and vacated the judgment of the district court to the extent that it dismissed the claims against the Warden in his individual capacity with prejudice and without leave to file an amended complaint. *See Grullon v. City of New Haven*, 720 F.3d 133, 138, 141-42 (2d Cir. 2013). The Second Circuit's decision did not address the dismissal of claims against any other defendants. *See id.* at 138. Thus, the Judgment in favor of those defendants remains.

On notice of a Mandate of the Court of Appeals for the Second Circuit received on June 19, 2103, the Clerk reopened this case. (*See* Mandate, Doc. No. 38.) On July 1, 2013, in accordance with the Mandate, the Court ordered the plaintiff to file an amended complaint. The amended complaint was to set forth all claims and allegations the plaintiff sought to pursue against the Warden of New Haven Correctional Center and was to have been filed by July 31, 2013. On September 26, 2013, the Court granted the plaintiff an extension of time until October 11, 2013 to file the amended complaint.

On November 7, 2013, the Court issued an Order permitting the plaintiff another opportunity to file an amended complaint. The Order informed the plaintiff that if he failed to file an amended complaint on or before November 25, 2013, the Court would dismiss the claims against the Warden without further notice. To date, the plaintiff has not filed an amended complaint. On December 20, 2013, the Warden filed a motion to dismiss [**doc. No. 44**] based on the plaintiff's failure to timely file an amended complaint. That motion has not been opposed.

In its opinion vacating the judgment of this Court dismissing the claims against defendant Warden of New Haven Correctional Center with prejudice and without leave to amend, the Court of Appeals agreed that the "[C]omplaint, as filed, did not sufficiently allege the Warden's personal involvement in or awareness of the health, safety, and communications issued raised by Grullon." *See Grullon*, 720 F.3d at 139. The Court of Appeals concluded that "the district court did not err in dismissing Grullon's claims against the Warden in his individual capacity for lack of sufficient allegations of the Warden's personal involvement." *Id.* The Second Circuit's concern was that this court did not permit the plaintiff leave to file an amended complaint to allege facts to show the personal involvement of the Warden of New Haven Correctional Center in the alleged constitutional violations.

This Court has now permitted the plaintiff over six months to file an amended complaint with regard to his allegations against the Warden of New Haven Correctional Center. As indicated above, the plaintiff has not filed an amended complaint.

## Conclusion

Accordingly, the motion to dismiss [**doc. No. 44**] is GRANTED; the claims in the Complaint [**doc. no. 1**] against defendant Warden of New Haven Correctional Center are

**DISMISSED** for failure to allege his personal involvement in the alleged constitutional violations. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk is directed to enter a supplemental judgment and close this case. If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED** this 13th day of January 2014, at Bridgeport, Connecticut.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge